Opinion of the court delivered by
Judge Peck.
The only question for the consideration of the court arises out of the following facts:
The intestate, James Porter, at the time of his decease, had in bank, sundry notes under seal, amounting to $1983 37 cents. These notes under seal, Joseph Porter, the administrator, renewed sundry times, signing his name “Joseph Porter, administrator of James Porter, dec’d. 5” and were sealed. The administrator did not actually pay the bank the amount of these renewed notes. After sundry renewals, they were paid by Mrs. Porter the widow and one of the distributees, out of the estate of her husband, or out of her own funds. And the question is, can the securities of the administrator by law be made liable for this amount. If not liable for this amount, then judgment to be given for $7926 16. If liable for said $1983 37, then judgment against them for $9909 and 53 cents.
The circuit court gave judgment against the securities for the lesser sum, and held that the renewal of the note under seal in bank was an extinguishment of the debt due by the deceased, and became the individual debt of Joseph Porter. From this judgment the cause is brought into this court by writ of error. And we are of opinion, from the facts stated, the circuit court administered the law in giving this judgment.
The new note given was an accord and satisfaction of the note found in bank by the administrator, when he *146 came to the management of the estate. The bank would have bee'n estopped bj her receipt of the new note from setting up the former one. The latter was of as high dignity in law, being under seal, as the former — and describing himself as an administrator of the estate of James Porter, is but description of the person.
T.he payment by Mrs. Porter may have the effect of raising an assumpsit in her behalf against Joseph Porter; but her net of payment cannot have the effect oí replacing a liability on the securities which had been removed.
The judgment of the circuit court must be affirmed.